UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALONZO LAMAR BRADLEY, | |
| Plaintiff, | |
| v. | C12-1021 TSZ |
| FEDERAL WAY POLICE OFFICERS JOHN P. BUSTER and RAYMOND R. BUNK III, | ORDER |
| Defendants. | |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Brian A. Tsuchida, United States Magistrate Judge, docket no. 30, as to which plaintiff has filed a five-page objection, docket no. 31, and defendants have filed a response requesting that the Court adopt the R&R, docket no. 35. Having reviewed the R&R, plaintiff's objection, defendants' response, and plaintiff's amended complaint in this matter, docket no. 27, the Court hereby enters the following order.

**<u>Discussion</u>**

In his amended complaint, plaintiff alleges that, on or about August 29, 2008, defendants Federal Way Police Officers Buster and Bunk subjected plaintiff to "police brutality" and "attempted to entrap [plaintiff] into a violation of a no-contact order."

ORDER - 1

Amended Compl. at § IV (docket no. 27 at 3 & 7). Plaintiff did not commence this action until June 12, 2012. <u>See</u> IFP Appl. (docket no. 1). Thus, plaintiff's claims against defendants Buster and Bunk, relating to the events of August 29, 2008, are barred by the three-year statute of limitations for actions pursuant to 42 U.S.C. § 1983.

Plaintiff's amended complaint also references misdemeanor charges in case number CA4925, which plaintiff asserts Officer Buster arranged to have brought against him in retaliation for filing a tort claim. Amended Compl. at § IV. The Federal Way Municipal Court has no case with the number "CA4925," but case number CA0049529 was filed against plaintiff on November 4, 2008. Because the Federal Way Municipal Court has no other criminal matter involving plaintiff, the Court interprets plaintiff's amended complaint and objection as indicating that case number CA0049529 remains unresolved. <u>See</u> Amended Compl. at § IV ("these charges are still open"); Obj. at 3 (in 2010, plaintiff "noticed that the municipal charges were not going to be resolved anytime soon"). To the extent that plaintiff asserts a malicious prosecution claim premised on a pending criminal matter, his claim lacks merit, as set forth in the R&R, because he cannot establish that the underlying criminal proceeding terminated in his favor. On the other hand, to the extent that plaintiff asks this Court to enjoin or otherwise interfere with the Federal Way Municipal Court action, plaintiff seeks relief that is precluded by <u>Younger v. Harris</u>, 401 U.S. 37 (1971), and its progeny.

In his objection to the R&R, plaintiff states that "the case [he is] in prison for is directly connected to the Bunk and Buster no contact order case." Obj. at 2 (docket no. 31). He reasons that "since I got out of the no contact issue that was designed to have

ORDER - 2

me sent to prison, then [sic] have me charged with something more serious seeming and have me convicted by any means." <u>Id.</u>  Plaintiff accuses Fife Police Officer Robert Eugley of falsely arresting him, as a result of which he has "been sitting in prison ever since." <u>Id.</u> at 4.

Plaintiff is currently serving an exceptional sentence of 72 months, having been convicted of felony harassment, possession of a controlled substance, and obstructing a public servant.  <u>State v. Bradley</u>, 2012 WL 1356759 (Wash. Ct. App. Apr. 17, 2012).  Fife Police Officer Eugley, who arrested plaintiff and transported him to the Pierce County Jail, was the victim of the felony harassment.  <u>Id.</u>  Plaintiff's assertion that Fife Police Officer Eugley somehow retaliated against him for his complaints against Federal Way Police Officers Buster and Bunt does not state a plausible cause of action against Officers Buster and Bunt.  Plaintiff has not named Officer Eugley as a defendant, and he presents no reason why his amended complaint against Officers Buster and Bunt should not be dismissed with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The Report and Recommendation, docket no. 30, is ADOPTED;

(2)     Plaintiff's amended complaint is DISMISSED with prejudice because the claims therein are time barred or are not cognizable; and

(3)     The Clerk is DIRECTED to enter judgment consistent with this Order, to close this case, and to send a copy of this Order to all counsel of record, plaintiff pro se, and Magistrate Judge Tsuchida.

ORDER - 3

IT IS SO ORDERED.

DATED this 18th day of January, 2013.

                                                               /s/ Thomas S. Zilly

                                                               THOMAS S. ZILLY  
                                                               United States District Judge

ORDER - 4